GEORGETOWN LAW
APPELLATE COURTS IMMERSION CLINIC

Director
Brian Wolfman
Staff Attorneys
Alex Bodaken
Ciara Cooney

600 New Jersey Avenue, NW, Suite 312
Washington, DC 20001-2075
Telephone: 202-661-6746
Fax: 202-662-9634

September 17, 2026

**Via ECF**

Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: **No. 25-2166, *Troy Lewald v. Pennsylvania Department of Corrections,* Rule 28(j) letter**

To the Clerk:

I write on behalf of appellant Troy Lewald regarding *Adom v. California Department of Corrections and Rehabilitation*, __ F.4th __, 2026 WL 2639549 (9th Cir. Sep. 8, 2026), a case involving a failure-to-accommodate claim against a state prison under the American with Disabilities Act. *Id.* at *2. *Adom* supports Lewald's position that the relevant causal relationship for his Rehabilitation Act claim is between the plaintiff's disability and the deprivation of access to prison services.

*Adom* explained that to demonstrate denial of access was "by reason of [his] disability," a plaintiff "need only show that it was his disabilities, not some other characteristic or factor, that prevented him from accessing the benefits of [the prison's] services absent accommodation." 2026 WL 2639549 at *10. The required "nexus" is "between [plaintiff]'s disabilities and the benefits he was denied." *Id.* A reasonable jury could find Lewald's disability was the sole cause of his inability to

safely participate in the work program "because it is his disabilities that make it harder for him to access these services." *Id.* at *2; *see* Opening Br. 21-23; Reply Br. 4-6. And because the variance in the ADA and Rehabilitation Act causation standards—but-for under the ADA and "sole cause" under the Rehabilitation Act, *see* Opening Br. 21—concerns the necessary degree of connection, not the facts to be connected, *Adom* applies fully to Lewald's Rehabilitation Act claim.

*Adom* expressly rejected the discriminatory-intent test that PADOC argues applies here. Discriminatory intent may be required to show causation for a disparate-treatment claim, but it is "irrelevant" and "not necessary" to show causation for a failure-to-accommodate claim. *See* 2026 WL 2639549 at *10; Reply Br. 4. Lewald alleges failure to accommodate, as PADOC acknowledges. *See* PADOC Br. 18-21.

Finally, *Adom* also confirmed that causation and deliberate indifference serve different functions in failure-to-accommodate claims. *See* Reply Br. 3. Causation is one of "the three primary elements of [a] Title II claim." *Adom*, 2026 WL 2639549 at *10. Once satisfied, the plaintiff may be entitled to declaratory and injunctive relief. *Id.* "To obtain damages," however, a plaintiff must further show deliberate indifference. *Id.*

Sincerely,



Ciara Cooney
(202) 662-4071

Counsel for appellant Troy Lewald

Word count: 350

600 New Jersey Avenue, NW, Suite 312 Washington, DC 20001-2075
Telephone: 202-662-9535 TDD: 202-662-9538 Fax: 202-662-9634