COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

DAVID W. SUNDAY, JR.
ATTORNEY GENERAL

September 18, 2026

Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone 717-580-7897
jfrasch@attorneygeneral.gov

**VIA ECF**

Re: Troy Lewald v. Pennsylvania Department of Corrections, *et al.*, No. 25-2166

To the Clerk of Court:

I write in response to Lewald's September 17, 2026 Rule 28(j) letter, which discusses *Adom v. California Department of Corrections and Rehabilitation*, 2026 WL 2639549 (9th Cir. 2026).

In *Adom*, an inmate denied various incontinence supplies sued the prison under the ADA. *Id.* at *2. The Ninth Circuit held that the inmate proved causation because his disability "made it harder for him to enjoy the benefits of [the prison's] toileting and hygiene services[.]" *Id.* at *10.

But as just noted, *Adom* dealt only with an ADA claim, not an RA claim. That difference is crucial, because "the ADA only requires but-for causation," whereas "under the RA, the disability must be the sole cause of the discriminatory action." *Decker v. Dep't of Corr.*, 2026 WL 115001, at *3 (3d Cir. Jan. 15, 2026). Indeed, *Adom* recognized that the ADA causation standard is a "modest" one, requiring only "a nexus between the alleged disability and the alleged denial of benefits." 2026 WL 2639549, at *10.

Yes, *Adom* noted that the inmate need not show discriminatory intent. *Id.* But the DOC is not arguing for a "discriminatory-intent test."[1] ECF No. 63 at 2. Instead, the DOC is arguing that Lewald's inability to access its work program was caused, "at least in part," *Decker*, 2026 WL 115001, at *3, by bureaucratic error and Lewald's failure to submit a request form.[2] These undisputed facts may be "irrelevant" and "not necessary" to prove but-for causation under the ADA, *Adom*, 2026 WL 2639549, at *10, but they "indicate[] that [Lewald was unable to access the work program], at least in part, for reasons unrelated to his disability," *cf. Decker*, 2026 WL 115001, at *3, and thus are sufficient to defeat causation under the RA.

Sincerely,
/s/Jacob Frasch
JACOB FRASCH
Senior Deputy Attorney General

---

[1] At least, not with respect to the causation element. Lewald must still prove intentional discrimination to recover damages. *See Montanez v. Price*, 154 F.4th 127, 148–49 (3d Cir. 2025).

[2] These undisputed facts, of course, may also be relevant when determining whether Lewald faced intentional discrimination.