# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2166

TROY LEWALD,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; WELLPATH HOLDINGS LLC, "Wellpath"; KIP HALLMAN; GEORGE M. LITTLE; KERI MOORE; et al.

---

Appeal from U.S. District Court, E.D. Pa.
Judge Chad F. Kenney, No. 2:22-cv-04625

Before: SHWARTZ, CHUNG, and FISHER, *Circuit Judges*
Submitted: Oct. 2, 2026; Filed: October 21, 2026

---

NONPRECEDENTIAL OPINION*

CHUNG, *Circuit Judge*. Troy Lewald sued the Pennsylvania Department of Corrections ("PADOC"), Wellpath LLC, and their employees, alleging claims under 42 U.S.C. § 1983, Pennsylvania state law, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). The District Court dismissed all claims against all defendants, except for an RA claim against PADOC. PADOC later successfully moved for summary judgment on that claim. Lewald appeals the dismissal of an ADA claim against PADOC and the grant of summary judgment on the RA claim. We will affirm summary judgment on the RA claim but vacate dismissal of the ADA claim and remand.

---

* This is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

## I. BACKGROUND[1]

Troy Lewald is incarcerated in facilities operated by the PADOC. He suffers from atherosclerosis and degenerative disc disease, for which various medical restrictions were documented in his electronic inmate file. A restriction titled "No food service-handle/janitor" expired in October of 2020, Dist. Ct. Dkt. No. 135-2 at 142, and "Not Medically Cleared for Food Service" expired in October of 2021, *id.* at 138.

Lewald transferred into SCI Phoenix in December of 2021, and prison staff assigned him to work in Food Services. He objected to the assignment because his disability prevented him from working a heavy-duty job and because his inmate file should have reflected that restriction. He notified numerous officials of the issue by filing grievances and inmate requests, raising the issue with his supervisor in Food Services, and filing medical sick call requests to reinstate the restrictions. He even asked the superintendent of SCI Phoenix to contact his prior prison "to confirm [his] averment(s) as perhaps that Facility will confirm what has been (inadvertently) omitted from [PADOC's] system." JA370–71.

In response, staff instructed Lewald to speak with other officials and denied his requests for accommodations. They told him that, according to SCI Phoenix's policy, an official would consider his reassignment. Another official denied his grievance because Lewald had no medical restrictions on file. A medical assistant likewise told Lewald that he had no documented disability in PADOC's system, that she could not treat him, and that he

[1] Because we write for the parties, we recite only the facts pertinent to our decision.

needed to contact his prior institution to transfer his information. He reiterated his concerns to her on February 15, 2022, and, that same day, the following work restrictions reappeared in his file: "[n]o high risk of injury," "[n]o intensive labor," "[n]o lifting more than 15 pounds," and "[n]o work at heights/elevations." JA171.

Nothing in the record, however, reflects that Lewald or his supervisors were informed of the restrictions. Three days later, Lewald injured his back while working in Food Services, despite the recently entered work restrictions. His supervisor denied him emergency medical treatment and instructed him to go back to his cell. He continued to request help but only received it five days later when a medical official saw him. He was subsequently released from his job in Food Services.

Lewald sued over forty defendants, asserting a variety of claims, including: (1) an Eighth Amendment claim that medical professionals failed to respond appropriately, or delayed providing him medical care, in the five days after his back injury; and (2) claims that PADOC violated the RA and the ADA by failing to accommodate him and failing to provide him with appropriate work for his physical abilities. He challenges the dismissal of his ADA claim[2] and the grant of summary judgment to PADOC on his RA claim.

## II. Discussion

### A. The District Court properly granted summary judgment on the RA claim

[2] The District Court dismissed the ADA claim without prejudice and advised Lewald that, absent amendment, his claim would be dismissed with prejudice in two months. Lewald did not amend his Complaint.

**against PADOC.**[3]

The RA provides that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To prevail, plaintiffs must show, among other things, that "they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination," and that the plaintiff's disability was "the sole cause of the discriminatory action." *Durham v. Kelly*, 82 F.4th 217, 225, 226 (3d Cir. 2023); *see also, e.g.*, *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 236 n.11 (3d Cir. 2013) ("[A]n alternative cause is fatal to an RA claim because disability would no longer be the sole cause.").

As the District Court correctly held, no reasonable jury could find that Lewald's disability was the sole cause of PADOC's decision not to accommodate his requests for work restrictions and a light-duty job. Prison staff assigned him to Food Services three months after medical restrictions on file had expired. Lewald acknowledges that there were no restrictions on file when he was transferred back to SCI Phoenix. Indeed, he requested that the prison's superintendent "confirm what has been (inadvertently) omitted from [its]

---

[3] The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367(a), and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment *de novo*, *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018), and will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 203–04 (3d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

system." JA371. The restrictions were then reinstated three days before his accident, but no one communicated this to Lewald or his supervisor. These facts establish, at worst, that PADOC was negligent when it delayed reinstating Lewald's work restrictions and assigned him to Food Services. That negligence is a different reason than disability, foreclosing his RA claim.

Lewald's arguments on sole causation fall short. There is no genuine dispute of material fact that Lewald did receive a work-restriction accommodation. That narrows Lewald's RA claim to the timeframe when PADOC delayed in granting his request. Lewald argues that this period of delay was solely caused by his disability because "PADOC failed to accommodate [his] disability, and its failure allowed [his] disability to be the sole reason he couldn't safely participate in the [prison's] work program." Appellant's Br. at 18. Stated differently, Lewald argues that he needed to work a light-duty job because of his disability and, because PADOC did not provide him that job, it follows that PADOC must have done so solely because of his disability. As set forth above, though, the record reflects that PADOC was negligent in reinstating the work restrictions, foreclosing any reasonable jury from concluding that disability was the sole cause.

**B. The District Court erred by dismissing the ADA claim against PADOC.**[4]

The District Court stated that "ADA lawsuits against state entities are barred by sovereign immunity, except where a plaintiff successfully alleges [companion]

---

[4] We review the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). When doing so, "[w]e must accept all factual allegations in the complaint as true [and] construe the complaint in the light [most] favorable to the plaintiff." *Id.*

constitutional violations."[5] *Lewald v. Pa. Dep't of Corrs.*, No. 22-cv-04625, 2023 WL 8283173, at *6 (E.D. Pa. Nov. 30, 2023) (citing *Durham*, 82 F.4th at 228–29). Lewald relied upon Count One, his Eighth Amendment claim, to satisfy this requirement, but the District Court dismissed Count One based on its conclusion that Lewald did not plausibly allege PADOC was deliberately indifferent to his medical needs. *Id.* at *3–4. Accordingly, the District Court held that Lewald's ADA claim was barred by sovereign immunity. *Id.* at *6.

Lewald does not challenge this basis for dismissal, but contends that the District Court erred by failing to consider his second argument against sovereign immunity barring his ADA claim: that Title II of the ADA abrogates PADOC's sovereign immunity under the three-step method set forth in *Tennessee v. Lane*, 541 U.S. 509 (2004). PADOC answers that we should affirm since Lewald did not plausibly allege an ADA claim for monetary damages, eliminating any need to address sovereign immunity. PADOC further argues that, even if Lewald stated an ADA claim, the District Court correctly decided that it has sovereign immunity.

*1. Lewald plausibly alleged an ADA claim against PADOC.*

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

[5] The District Court dismissed Lewald's ADA claim for injunctive relief because it no longer presented a live controversy and thus was moot. *Lewald*, 2023 WL 8283173, at *6. Lewald does not challenge the dismissal of that claim on appeal, nor does he challenge the dismissal of the other defendants.

entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must plausibly allege, among other things, that he "was excluded from participation in or denied the benefits of the services, programs, or other activities for which a public entity is responsible, or was otherwise subjected to discrimination by a public entity [] by reason of his disability." *Montanez v. Price*, 154 F.4th 127, 146 (3d Cir. 2025). A plaintiff seeking compensatory damages must also plead "that the discrimination was 'intentional' in the sense that it was more than mere disparate impact," *id.* at 148–49, and may do so by establishing officials were deliberately indifferent to a medical need, *id.* at 149.

Although the District Court did not explicitly address whether Lewald stated an ADA claim for money damages, it implicitly did so by holding that Lewald stated an RA claim. "Except for causation, the substantive standards for determining liability under [the RA and ADA] are identical, and the same remedies are available under both Acts." *Montanez*, 154 F.4th at 146. Those standards are likewise identical "[t]o recover compensatory damages for [an RA or ADA] violation." *See id.* at 148–49. Here, the District Court found that Lewald adequately alleged the substantive standards for determining liability to support an RA claim for compensatory damages. *Lewald*, 2023 WL 8283173, at *7–8. Thus, the District Court implicitly found that Lewald stated an ADA claim.[6] *See Montanez*, 154 F.4th at 146 (deliberate indifference under the RA and ADA "are identical"). We see no error in the District Court's conclusion, construing all facts in the Complaint as true and

---

[6] The District Court found that Lewald plausibly alleged causation for his RA claim, *Lewald*, 2023 WL 8283173, at *7–8, and the RA uses a stricter standard than the ADA, *see Durham*, 82 F.4th at 226. Hence, the Complaint plausibly alleges causation under the ADA.

in Lewald's favor. The Complaint states that PADOC knew of his medical condition, of the need to accommodate that condition, that he sought accommodation repeatedly, and that he was denied. *Id.* at 149 ("Deliberate indifference … in the disability law context, consists of (1) knowledge that the plaintiff's federally protected right to be free from disability discrimination was likely to be violated, and (2) 'failure to act despite that knowledge.'" (quoting *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263–65 (3d Cir. 2013))).

2. *The District Court erred by not addressing both ways that Title II of the ADA could abrogate PADOC's sovereign immunity.*

A suit for money damages against PADOC is considered to be a suit for money damages against the state, and such suits are generally barred by Eleventh Amendment sovereign immunity. *See Durham*, 82 F.4th at 227–28. Sovereign immunity will not bar a claim, however, when a plaintiff "plead[s] a companion constitutional claim arising from the same facts as the ADA claim." *Id.* at 228. Sovereign immunity is also not a bar when Congress abrogates such immunity, "act[ing] pursuant to a valid grant of constitutional authority." *Id.* at 227 (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Whether a statute passed by Congress abrogates sovereign immunity can be determined by "follow[ing] [*Tennessee v. Lane*]'s three-step method for determining if Congress validly enacted prophylactic legislation under § 5" of the Fourteenth Amendment. *Id.* at 228 (citing *Lane*, 541 U.S. at 522–34).

While the District Court addressed the first basis for avoiding sovereign immunity, finding that Lewald did not plead a companion constitutional claim, the District Court did

not address Lewald's argument under *Lane*. We are a court of review and do not address arguments in the first instance. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 644 (3d Cir. 1994). Accordingly, we will remand for further proceedings consistent with this Opinion, which may include first examining whether the current record would support an ADA claim or if additional discovery is needed, and then, if the claim survives summary judgment, whether sovereign immunity has been abrogated under the *Lane* framework. *See In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 249 (3d Cir. 2003) ("[A] federal court is not required to resolve [sovereign immunity] before adjudicating the merits of the action."). It is also within the District Court's discretion to first consider the sovereign immunity question if it so chooses.[7]

* * * * *

For the reasons stated above, we will AFFIRM the order of the District Court granting summary judgment on the RA claim but will VACATE the order dismissing the ADA claim and REMAND.

[7] Nothing herein reflects a view on the merits of any possible summary judgment order, further discovery, or the sovereign immunity question.